UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DULCE MARIA PRIETO RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, ET AL.<br><br>Respondents. | No. 1:26-cv-04333-DAD-JDP (HC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINNG ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On June 5, 2026, petitioner, Dulce Maria Prieto Rodriguez, an immigration detainee proceeding through counsel, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 and a motion for temporary restraining order ("TRO"). (Doc. Nos. 1, 2.) The *habeas* petition seeks in part petitioner's immediate release from immigration detention. (Doc. No. 1 at 22.) In the *habeas* petition, petitioner also requests costs and reasonable attorney's fees. (Doc. No. 1 at 23.) That same day, the court set a briefing schedule on the pending motion and directed respondents to indicate in their opposition whether this case is distinguishable from the circumstances addressed in several of the court's cited prior orders. (Doc. No. 4.) In the same order, the court directed that if respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in their opposition and provide substantive reasons in support of that position. (*Id.*)

1

On June 8, 2026, respondents filed an opposition, agreeing therein that the court could rule on both the *habeas* petition and the motion for a TRO based upon the briefing currently before it.  (Doc. No. 6 at 2.)  Respondents also state that petitioner is detained pursuant to 8 U.S.C. § 1226(a), but, nonetheless, respondents argue that the motion and petition should be denied because petitioner has received all of the process she was due under § 1226(a).  (Doc. No. 6 at 4-8.)  On June 25, 2026, petitioner filed a reply brief, conceding that she is in immigration detention pursuant to § 1226(a), but asserting that her due process rights were violated by her initial immigration detention.  (Doc. No. 7.)

The facts of this case are as follows.  Petitioner is a citizen of Mexico who lawfully entered the United States over 37 years ago on May 9, 1989, via a non-immigrant B2 visitor visa that expired on September 3, 1990.  (Doc. No. 6-1 at 2.)  On or about April 7, 2026, in Nevada where petitioner resided, immigration authorities developed a targeted lead that petitioner was in the country illegally.  (*Id.*)  They observed someone resembling petitioner driving and then surrounded her vehicle.  (*Id.*)  Petitioner provided the agents with her Nevada driver's license.  (*Id.*)  Petitioner admitted to the immigration authorities that she was in the country unlawfully.  (*Id.*)  Petitioner was then handcuffed by immigration authorities and arrested.  On April 29, 2026, an immigration judge ("IJ") denied bond to petitioner, finding that petitioner posed a flight risk and did not have adequate information about her sponsor.  (Doc. No. 6-3 at 1.)

Petitioner argues that her initial detention violated the Fifth Amendment because she was detained without adequate due process.  (Doc. No. 1 at ¶¶ 55–59.)  Respondents argue petitioner was given the proper due process considering the bond hearing she received.  (Doc. No. 6 at 4–6.)  Respondents are incorrect in this regard.  *See Lucena-Oieda v. Noem*, No. 2:26-cv-00085-BAT, 2026 WL 279353, at *2 (W.D. Wash. Feb. 3, 2026) ("The Court also finds while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty.") (citation omitted).  Further, the evidence before the court indicates that petitioner was not arrested pursuant to a warrant, and respondents have offered no argument justifying her arrest without one.  Respondents do include petitioner's I-213 form, dated the day of her arrest, and

includes information that she gave to immigration officers after she was taken into custody. (Doc. No. 6-1). That form, which contains a deportation officer's redacted signature and does not state the basis for that officer's knowledge, states in its disposition "Warrant of Arrest/Notice to Appear." (*Id.* at 1.) Notably, while respondents have provided the court with a copy of the Notice to Appear dated April 7, 2026 (Doc. No. 6-2 at 1–3), respondents have not provided the court with an arrest warrant. Respondents have not provided adequate evidence to find that petitioner was first detained pursuant to a warrant. Respondents make no argument that petitioner was arrested pursuant to a warrant aside from an exhibit that was filed the same day as petitioner was arrested on what the court presumes is an administrative warrant issued after the fact. *See Florida v. United States*, 660 F. Supp. 3d 1239, 1277 (N.D. Fla. 2023) (concluding that § 1226(a) is not satisfied where the government adds an administrative warrant into the detainee's file after arresting the detainee); *see also Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under [§] 1226(a) . . .. As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under [§] 1226(a).") (emphasis in original).

The government's actions here violate the requirements of § 1226(a). The proper remedy under the circumstances is to order petitioner's immediate release from respondents' custody. *See A.E.R.T. v. Wofford*. No. 1:25-cv-01824-KES-SKO (HC), 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025) ("When the government detained petitioner, it also did not comply with the terms of 8 U.S.C. § 1226(a), and there is no evidence in the record that petitioner was arrested pursuant to a warrant as required by § 1226(a). Petitioner's immediate release is the appropriate remedy.") (citation and footnote omitted).

For the reasons explained above,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED IN PART and DENIED IN PART as follows:

     a.      Respondents are ORDERED to immediately release petitioner, Dulce Maria Prieto Rodriguez, A-File No. 221-370-704, from respondents' custody on the conditions, if any, she was subject to prior to her detention

3

on or about April 7, 2026;

    b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a), and its implementing regulations;

    c.    Petitioner's request for costs and reasonable attorney's fees in her *habeas* petition is DENIED without prejudice to her bringing a properly noticed and supported motion;

3.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot in light of this order granting her *habeas corpus* petition on the merits;

4..    The Clerk of the Court is directed to serve a copy of this order on the warden of the California City Correctional Center; and

5.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **July 6, 2026**                     _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE